# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX S. PENATE, | ) |
| | ) |
|      Petitioner, | ) |
| | ) |
| v. | )   No. CIV-16-1442-F |
| | ) |
| RAYMOND BYRD, | ) |
| | ) |
|      Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). United States District Court Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the Petition and taken judicial notice of various state court records.[1] After review, the undersigned recommends that the court **DISMISS** the Petition on screening.

## I.    SCREENING REQUIREMENT

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

## II. PROCEDURAL BACKGROUND

On May 20, 2004, Petitioner entered a blind plea of no contest in seven Cleveland County District Court cases.[2] Petitioner did not file an appeal within the 10-day window following the plea[3] and his conviction became final on May 30, 2004. On May 7, 2008, Petitioner filed an Application for Post-Conviction Relief to file an Appeal Out of Time.[4] On July 3, 2008, the Cleveland County District Court granted Petitioner's request. (ECF No. 1-2). Despite the fact that Petitioner had been granted an Appeal out of Time, he did not file anything in any of the seven cases until December 30, 2015, when he filed a second Application for Post-Conviction Relief seeking an Appeal out of Time in the Cleveland County District Court. (ECF No. 1-5). On March 12, 2016, the District Court denied relief, stating that Petitioner was barred by the doctrine of laches and that his claim lacked merit. (ECF No. 1-8). On November 15, 2016, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the District Court's denial. (ECF No. 1-10). On December 16, 2016, Mr. Penate filed his federal habeas petition. (ECF No. 1).

## III. PETITIONER'S CLAIMS

In the Petition, Mr. Penate raises a single proposition, challenging the OCCA's decision to deny him an Appeal out of Time. (ECF No. 1). According to Petitioner, he never received the 2008 order from the Cleveland County District Court which granted

---

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2003-824&cmid=288002.

[3] *See* OCCA Rule 4.2(A).

[4] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2003-824&cmid=288002.

him an appeal out of time because it had been sent to the wrong address. (ECF No. 1:4-5). As a result, he claims that his failure to appeal his state court convictions was through no fault of his own because he never received the order granting him permission to do so. (ECF No. 1:4-5). Through his habeas petition, Mr. Penate seeks to have this court "revers[e] the O.C.C.A.'s decision and order the O.C.C.A. to grant Petitioner an appeal out of time[.]" (ECF No. 1:6).[5]

## IV. DISMISSAL OF THE PETITION

It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties. *See Mabry v. Johnson,* 467 U.S. 504, 507 (1984). In this regard, the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips,* 455 U.S. 209, 221 (1982). The Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge "the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young,* 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not

---

[5] In the alternative, Mr. Penate asks the Court to "grant Petitioner time to file his Federal Writ of Habeas Corpus to this Court." (ECF No. 1:6). Mr. Penate *has* filed a habeas petition, *see* ECF No. 1, but he has failed to raise any substantive challenge to his state court convictions, instead limiting his challenge to an attack on the OCCA's ruling on his appeal. *See supra*.

3

the judgment which provides the basis for his incarceration"); *Hopkinson v. Shillinger,* 866 F.2d 1185, 1219-20 (10th Cir. 1989) (holding that alleged procedural deficiency in state's scheme for post-conviction relief did not rise to the level of a federal constitutional claim cognizable in habeas corpus since even if state post-conviction petition was dismissed arbitrarily, petitioner could present anew to the federal courts any claim of violation of his federal constitutional rights); *Graves v. Boone*, 1999 WL 1079626, at *2 (10th Cir. 1999) ("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele, supra).*

Here, Mr. Penate's sole proposition for habeas relief is a challenge to the OCCA's ruling which affirmed the Cleveland County District Court's denial of his Application for Post-Conviction Relief. (ECF No. 1). Petitioner alleges error because he was unaware that he had been granted the right to an appeal out of time over 8 years ago. (ECF No. 1). However, even if the OCCA had erred, Petitioner's challenge to such alleged error fails to raise any constitutional violations which resulted in his conviction and custody. Accordingly, the Court should dismiss the Petition on filing as it fails to raise any issues that are cognizable on habeas review.

## V. RECOMMENDATION

The undersigned recommends that the Petition be **DISMISSED** on filing with prejudice for failure to raise an issue that is cognizable in this Court.

## VI. NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 17, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on January 30, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE